Per Curiam.
Whether the defence made for Pettit at the trial was the one he could have wished, or the best his ease allowed we know hot; we must judge upon it as it ag* *314 peared to the court and jury. The plaintiff proved that in 1774 and 1775 he paid him as clerk of this court the sum of £263-2. it does not satisfactorily appear in what description of money, but it does appear that whatever it might have been, it was at that time fully equal in value to gold or silver. In 1788 Mott made a demand of this money, and in the room of it, he is offered a bundle of Continental bills; some dated in 1779, which had been delivered by Pettit to his successor, a long time after he had gone out of office. This was not the money that had been deposited; it was good for nothing. The plaintiff says, I must have that money, or you must pay me the value at the time it was received. In answer to this the defendant replies, the money you deposited was paper, had I kept it, it would have been as bad as the Continental money at the time of the demand. The plaintiff answers, the deposit was ip hard money. Upon this the jury were to pronounce.
Again the plaintiff says, if paper was deposited with 'you, it was at that time equal in value to hard money, you used it when good, and you must account for it: defendant says that he Gannot be oompelled to answer for the mere user of money which was not thereby deteriorated: but the court is of opinion that he became instantly liable as a wrong-doer and the plaintiff is entitled to the value converted.
Again the defendant says, I changed this money for your benefit. The plaintiff replies, in the first place there is no proof of this; and in the next place if true, you were authorized, neither by me nor by the court, to make an exchange, and we think with the plaintiff upon this point.
In short the plaintiff proved the receipt of the money in 1775, the defendant ought to have exonerated himself by showing that the money was paper, and sunk in his hands; or that he lost it without any default; — or that in some other way he was justly and legally excused from returning it. — - This he has not done; and from the evidence, the verdict of the jury is right; and the charge of the Judge at Nisi Prius does not appear to be erroneous.
• The objection to the recovery of interest in this case we conceive to be groundless. In an action *f indebitatus, as *315 rampiit for money had and received, the plaintiff proves that th- defendant converted a deposit to his own use; it is therefor'’ in effect to recover damages to the amount of defendant's liability, and the interest is as much a part of the money reed ved as the principal, and therefore the plaintiff has the same right to demand and receive it.
Rule discharged*